IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SCOTT KUHNEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    1:15cv766 |
| DARREN REMINGTON, SUSANNE GANN, JANET VROTSOS, and PAUL LOEBE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

This case appears to represent the fourth federal lawsuit resulting from a series of vitriolic interactions between the parties, each of whom proceeds pro se in this case. Before the court is a wide array of competing motions. For the reasons set forth below, plaintiff Scott Kuhnen's motions for entry of default (Docs. 8, 10, 12, 14) will be denied. The motions to dismiss of defendants Darren Remington, Susanne Gann, and Janet Vrotsos (Docs. 30, 32, 36) will be granted, and all claims against them will be dismissed. Finally, Kuhnen will be given twenty-one days to show cause as to why the remaining claims against defendant Paul Loebe should not be dismissed as well.

I.   BACKGROUND

The factual allegations in the complaint, accepted as true and viewed in the light most favorable to the plaintiff, are as

follows:

In 2013 and 2014, a decorated military veteran named Brian Kolfage began to receive extensive media attention for his service in the Iraq War. (See Doc. 1 ¶ 13.) Remington and Vrotsos, who apparently opposed the Iraq War generally, began harassing Kolfage and his family online. (See id. ¶¶ 14-16.) Remington also attempted to revoke Kolfage's scholarship from the Pat Tillman Foundation and have him expelled from school. (Id. ¶ 16.) Kolfage filed a lawsuit against some of the defendants in the United States District Court for the District of Arizona. (Id. ¶ 17.) Kuhnen, who considers himself a citizen journalist, wrote a blog post about the case in which he criticized some of the defendants. (Id. ¶¶ 21-22, 24.)

The defendants then began harassing Kuhnen online and in the courts. In addition to severe online harassment, the defendants filed a cross-claim against Kuhnen in order to add him as a party to the Arizona lawsuit. (See id. ¶¶ 25-26, 38-42.) The defendants also filed separate lawsuits in the United States District Courts for the Middle District of Tennessee and the Southern District of Indiana. (Id. ¶¶ 25, 47.) The primary purpose of these lawsuits was to gain leverage over Kuhnen, Kolfage, and the other parties to the Arizona action. (See id. ¶ 48.) In addition, although each of the defendants appeared to act independently, Remington actually prepared and signed court filings for Gann, Vrotsos, and

2

Loebe in each lawsuit.  (See id. ¶¶ 26-28, 32-34 48.)

In response, Kuhnen initiated this action, asserting claims for abuse of process, forgery with intent to defraud, unauthorized practice of law, intentional infliction of emotional distress, civil conspiracy, violations of the First and Fourteenth Amendments to the United States Constitution, and injunctive relief.  (Id. ¶¶ 64-91.)  Although the complaint contains background information about online harassment by the defendants, Kuhnen's claims are limited to complaints about the allegedly improper ways in which the defendants prosecuted the Arizona, Tennessee, and Indiana lawsuits.  (See id. ¶¶ 66, 68, 72, 73, 75, 77, 83.)

**II. ANALYSIS**

    **A.   Motions for Entry of Default**

Kuhnen filed his complaint on September 18, 2015.  (Doc. 1.) On October 16, 2015, he filed motions for entry of default against all defendants.  (Docs. 8, 10, 12, 14.)  Remington, Gann, and Vrotsos filed responses that opposed Kuhnen's motions.  (Docs. 31, 33, 37.)[1]  Kuhnen then stated that he no longer sought entry of

---

[1] Remington, Gann, and Vrotsos styled their responses as "motions" to strike Kuhnen's filings pursuant to Federal Rule of Civil Procedure 12(f).  (Docs. 31, 33, 37.)  But these "motions" do not attempt to demonstrate that Kuhnen's filings contain any "redundant, immaterial, impertinent, or scandalous matter," as required for relief under Rule 12(f), nor do they comply with many federal and local rules governing motion practice.  See, e.g., L.R. 7.3(a) (requiring motions to be accompanied by a supporting brief).  In substance, these documents are simply responses to Kuhnen's motions, and the court will treat them as

3

default against Remington, Gann, or Vrotsos and "wishes to give the Defendants an equal and fair opportunity to defend themselves in this court." (See Doc. 46 at 1.) As a result, the court will deny Kuhnen's motion for entry of default with respect to defendants Remington, Gann, and Vrotsos.

The situation with regard to defendant Loebe is more complicated. Loebe initially filed a motion to dismiss the claims against him (Doc. 17), but the court struck this document for failure to comply with various federal and local rules (Doc. 27). Loebe also filed a response to Kuhnen's motion for entry of default (Doc. 28), which was also struck for failure to follow the applicable Federal Rules of Civil Procedure (Doc. 29). Loebe has not participated in the case further, and most of the court's mailings to him have been returned by the United States Postal Service as undeliverable. (See Docket entry dated June 9, 2016.)

As a result, and in contrast with the other defendants, Kuhnen has not explicitly withdrawn his request for an entry of default against Loebe. Nevertheless, the court cannot enter a default judgment when it lacks personal jurisdiction over the defendant. E.g., Berthiaume v. Doremus, 998 F. Supp. 2d 465, 470–71 (W.D. Va. 2014); CNH Capital America, LLC v. Southeastern Aggregate, Inc.,

---

such for the purposes of this memorandum order. To the extent these documents present independent motions to strike information from Kuhnen's pleadings, such motions will be denied. All parties are encouraged to read and must follow the court's rules.

4

No. 608CV027, 2009 WL 3172353, at *3 (S.D. Ga. Oct. 1, 2009). For the reasons discussed below, the court concludes that it lacks personal jurisdiction over all defendants, including Loebe.[2] As a result, Kuhnen's motion for entry of default against Loebe (Doc. 12) will also be denied.

B.  **Motions to Dismiss**

Defendants Remington, Gann, and Vrotsos move to dismiss the claims against them, arguing, among other things, that this court lacks personal jurisdiction over them. (Doc. 30 at 14-17; Doc. 32 at 14-16; Doc. 36 at 16-19.) As plaintiff, Kuhnen bears the burden of establishing personal jurisdiction by a preponderance of the evidence. See Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). "When, however, as here, a district court decides a pretrial personal jurisdiction motion without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction." Id. "In deciding whether the plaintiff has proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). Nevertheless, either at trial

---

[2] Loebe's attempted Rule 12 motion has no effect on the court's jurisdiction over him because it was struck from the court file and nevertheless expressly preserved a jurisdictional defense. (See Doc. 17 at 9-11.)

5

or at a pretrial evidentiary hearing, the plaintiff must eventually prove the existence of personal jurisdiction by a preponderance of the evidence.  New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 n.5 (4th Cir. 2005).

"Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law."  ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 710 (4th Cir. 2002); see also Daimler AG v. Bauman, 134 S. Ct. 746, 753 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.").  To determine whether personal jurisdiction is proper, the court engages in a two-part inquiry: first, North Carolina's long-arm statute must provide a statutory basis for the assertion of personal jurisdiction, and, second, the exercise of personal jurisdiction must comply with due process. See Carefirst, 334 F.3d at 396; Pan-Am. Prods. & Holdings, LLC v. R.T.G. Furniture Corp., 825 F. Supp. 2d 664, 677 (M.D.N.C. 2011).

North Carolina's long-arm statute runs coextensive with the federal Due Process Clause, thereby collapsing the two-step process "into a single inquiry as to whether the non-resident defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit' does not offend "traditional notions of fair play and substantial justice."'"  Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan, 259 F.3d 209,

215 (4th Cir. 2001) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); see also Cambridge Homes of N.C., Ltd. P'ship v. Hyundai Constr., Inc., 194 N.C. App. 407, 412, 670 S.E.2d 290, 295 (2008) ("When personal jurisdiction is alleged to exist pursuant to the long-arm statute, the question of statutory authority collapses into one inquiry — whether defendant has the minimum contacts necessary to meet the requirements of due process." (quoting Filmar Racing, Inc. v. Stewart, 141 N.C. App. 668, 671, 541 S.E.2d 733, 736 (2001))). The Fourth Circuit recently reaffirmed this interpretation of North Carolina's long-arm statute. Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558–59 (4th Cir. 2014). Thus, the single inquiry here is whether the exercise of personal jurisdiction over the defendants "is consonant with the strictures of due process." See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012).

Under the Due Process Clause, personal jurisdiction over a defendant may be either general or specific. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011); Tire Eng'g & Distribution, 682 F.3d at 301 ("The Due Process Clause contemplates that a court may assert jurisdiction over a nonresident defendant through either of two independent avenues."). For individuals, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Goodyear,

7

564 U.S. at 924. Here, there is no suggestion that any defendant is domiciled in North Carolina. To the contrary, the complaint alleges that they are "citizen[s] and resident[s]" of Tennessee, Indiana, and Massachusetts. (Doc. 1 ¶¶ 8-11.) As a result, the court lacks general personal jurisdiction over the defendants in this case.

Specific jurisdiction requires "that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009). A court may exercise specific jurisdiction when the cause of action "arises out of the defendant's contacts with the forum." Saudi v. Northrop Grumman Corp., 427 F.3d 271, 276 (4th Cir. 2005). The determination of whether jurisdiction is appropriate depends on the facts and circumstances of each case. See Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014) ("The inquiry whether a forum state may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." (citations and quotation marks omitted)). When considering the circumstances of each case, however, the court must consider: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arise out of those activities; and (3) whether

8

the exercise of personal jurisdiction is constitutionally reasonable." Tire Eng'g & Distribution, 682 F.3d at 301–02. Each prong must be satisfied. See id.; Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278-79 (4th Cir. 2009) ("If the plaintiff satisfies prongs one and two, prong three comes into play.").

"This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations and quotation marks omitted). Rather, a defendant's conduct and connection to the forum must be "such that he should reasonably anticipate being haled into court there." Universal Leather, 773 F.3d at 559 (quoting Fed. Ins. Co. v. Lake Shore Inc., 886 F.2d 654, 658 (4th Cir. 1989)).

The Supreme Court's recent decision in Walden illustrates the operation of these principles under circumstances similar to those in this case. In Walden, a TSA agent who resided and worked in Georgia illegally seized money during a search of the plaintiffs' carry-on bags at Atlanta's Hartsfield-Jackson International Airport. 134 S. Ct. at 1119–20. The Court held that the TSA agent was not subject to personal jurisdiction in the plaintiffs' home state of Nevada, regardless of whether he knew that the plaintiffs resided there and were in the process of flying home at the time

9

of the seizure.  Id. at 1120-21.  In reaching this conclusion, the Court emphasized that, in order to satisfy due process, a defendant's connection to the forum "must arise out of contacts that the defendant *himself* creates with the forum State."  Walden, 134 S. Ct. at 1122 (quoting Burger King, 471 U.S. at 475) (quotation marks omitted).  "[T]he plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  Id.

Here, all of Kuhnen's claims are based on allegations about the manner in which the defendants brought and defended against various lawsuits in Arizona, Tennessee, and Indiana.  Because the defendants' "relevant conduct occurred entirely" outside of North Carolina, "the mere fact that [their] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction."  Id. at 1126.  As a result, this court lacks specific jurisdiction over the defendants, regardless of whether they knew that Kuhnen lived in North Carolina or would feel the effects of their tortious conduct here.  See id. at 1125 ("[M]ere injury to a forum resident is not a sufficient connection to the forum.").

To support a contrary conclusion, Kuhnen notes that the defendants targeted various electronic communications at him, his

10

blog, and a non-profit organization with which he works, all of which are based in North Carolina. (Doc. 44 at 4.) If Kuhnen's claims in this case arose out of those communications, then these contacts might be sufficient to form the basis for personal jurisdiction. See, e.g., Calder v. Jones, 465 U.S. 783, 788–90 (1984) (holding that a foreign defendant in a libel action was subject to specific jurisdiction when the tortious conduct consisted of communicating with individuals in the foreign state and publishing the allegedly libelous material there). In this case, however, Kuhnen does not bring any claims against the defendants arising out of their communications with individuals in North Carolina. See Tire Eng'g & Distribution, 682 F.3d at 303 (holding that, even "with purposeful availment established, we require that the plaintiff's claims arise out of activities directed at the forum state"). Instead, his claims exclusively concern the defendants' conduct in prosecuting lawsuits in Arizona, Tennessee, and Indiana. As a result, the court lacks jurisdiction over the defendants for the purposes of these claims.

Because the complaint fails to establish the court's jurisdiction over any of the defendants, the court need not consider the myriad other bases for dismissal cited in Remington, Gann, and Vrotsos's motions. As noted, however, the situation with Loebe is more complicated. Like the other defendants, Loebe filed a motion to dismiss raising the issue of personal

11

jurisdiction. (Doc. 17.) This document was struck for failure to comply with applicable local and federal rules of civil procedure (Doc. 27), and Loebe has not appeared further in this matter. Although personal jurisdiction is an affirmative defense that can be waived by the defendant, this court may raise the issue sua sponte and dismiss the complaint, so long as the plaintiff is given an adequate opportunity to assert facts establishing the court's jurisdiction. See <u>Sinoying Logistics PTE, Ltd. v. Yi Da Xin Trading Co.</u>, 619 F.3d 207, 214 (2d Cir. 2010). As a result, the court will order Kuhnen to show cause as to why his claims against Loebe should not be dismissed for lack of personal jurisdiction. If Kuhnen fails to do so within twenty-one days of entry of this memorandum order, his claims against Loebe will be dismissed without any further notice.

### III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Kuhnen's motions for entry of default against Remington (Doc. 8), Vrotsos (Doc. 10), Loebe (Doc. 12), and Gann (Doc. 14) are DENIED. To the extent that Remington, Gann, and Vrotsos' responses (Docs. 31, 33, 37) constitute motions to strike material from Kuhnen's filings, as opposed to mere responses in opposition to Kuhnen, these motions are DENIED.

IT IS FURTHER ORDERED that the motions to dismiss filed by Remington (Doc. 32), Gann (Doc. 30), and Vrotsos (Doc. 36) are

12

DENIED to the extent that they seek to strike information from Kuhnen's filings and GRANTED to the extent that they seek dismissal of Kuhnen's claims against these defendants. All claims against these defendants are hereby DISMISSED WITHOUT PREJUDICE to Kuhnen's refiling these claims in a court of competent jurisdiction.

IT IS FURTHER ORDERED that Kuhnen shall have twenty-one days to show cause why his claims against defendant Loebe should not be dismissed for lack of personal jurisdiction. If Kuhnen fails to adequately respond within twenty-one days of entry of this memorandum order, his claims against Loebe shall be dismissed without prejudice without any further notice from the court.

    /s/   Thomas D. Schroeder
United States District Judge

June 29, 2016